Filed 2/15/22  P. v. Miller CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>LOVE JOY MILLER,<br><br>    Defendant and Appellant. | H047367<br>(Santa Clara County<br> Super. Ct. No. 81500) |

**MEMORANDUM OPINION**

We resolve this case by memorandum opinion pursuant to California Standards of Judicial Administration, Title 8, Standard 8.1.  (See also *People v. Garcia* (2002) 97 Cal.App.4th 847, 853–855.)

Defendant Love Joy Miller was convicted by plea in 1982 of murder (Pen. Code, § 187) and two counts of attempted murder (Pen. Code, §§ 187, 664).  According to testimony from a partial preliminary hearing transcript in the record on appeal, defendant and another person were involved in an incident at a home where two victims were shot and one of those victims was also stabbed.  The victim who was both stabbed and shot testified that defendant stabbed him and someone else was the shooter.  The other victim died from the gunshot wound.  There was no evidence defendant was armed with a firearm during the incident, or that he was the shooter.  Defendant was sentenced to an indeterminate term of 25 years to life in prison.

Defendant petitioned for resentencing under Penal Code section 1170.95 in 2019. Defendant averred in a supporting declaration that the underlying complaint charged him with murder under a felony murder or natural and probable consequences murder theory; that he pleaded guilty or no contest to murder because he believed he could have been convicted of murder under a felony murder or natural and probable consequences murder theory; and that he could not now be convicted of murder due to changes to Penal Code sections 188 and 189 because he was not the actual killer, did not aid or abet the actual killer, was not a major participant in the killing, and the victim was not a peace officer. The trial court denied the petition after appointing counsel and holding a hearing, finding that defendant had not made a "prima facie showing that the person petitioning was convicted of felony murder or murder under a natural and probable consequences theory."

When deciding whether a petitioner has stated a prima facie case for relief under Penal Code section 1170.95, " ' "the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved." ' " (*People v. Lewis* (2021) 11 Cal.5th 952, 971.) The trial court may look to the record of conviction in deciding the prima facie question, but the court " 'should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.' " (*Ibid.*)

The People concede, and we agree, that defendant made a prima facie showing for relief under Penal Code section 1170.95 because the record of conviction does not demonstrate that defendant is ineligible for resentencing. As nothing in the record precludes defendant from relief as a matter of law, the trial court should have issued an order to show cause and conducted an evidentiary hearing under Penal Code section 1170.95, subdivision (d).

## DISPOSITION

The order denying defendant's Penal Code section 1170.95 petition is reversed. The matter is remanded to the superior court with directions to issue an order to show cause and hold an evidentiary hearing to determine whether to vacate defendant's murder conviction, recall his sentence, and resentence him (Pen. Code, § 1170.95, subds. (c), (d)).

_____

Grover, J.


**WE CONCUR:**


_____

Greenwood, P. J.


_____

Lie, J.